1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

MARCOS VACA,

          Plaintiff,

   v.

BOWEN, et al.,

          Defendants.

Case No. 1:14-cv-01327 DLB PC

ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER

(Documents 13 and 14)

Plaintiff Marcos Vaca ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff's August 19, 2014, complaint is awaiting screening.[1]

On September 10, 2014, Plaintiff filed a letter in which he complains of denial of access to the law library and an inability to mail his legal mail.  He filed a supplemental motion on September 29, 2014.  The Court construes the motions as motions for injunctive relief.

A.  **LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 4, 2014.

balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted) (emphasis added).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**B.    DISCUSSION**

In his motion, Plaintiff appears to complain of actions taken by a correctional officer at Corcoran State Prison ("CSP").  The Court does not, however, have jurisdiction to provide the relief he requests.  This action, which forms the basis of the requirements for injunctive relief, concerns allegations of denial of access to the courts while Plaintiff was incarcerated at the Golden State Modified Community Correctional Facility ("MCCF") in McFarland, California.

Plaintiff therefore requests relief that is unrelated to the issues and parties in this action.  The Court lacks personal jurisdiction over individuals who are not parties to this action and it is unable to order anyone at CSP to take any action.  Similarly, the Court lacks jurisdiction to remedy issues at CSP that are unrelated to those in this action.

Because the issues Plaintiff seeks to remedy bear no relation, jurisdictionally, to the past events at MCCF, the case or controversy requirement cannot be met and injunctive relief must be denied.

2

1

**<u>ORDER</u>**

2          Based on the foregoing, Plaintiff's motions are DENIED.

3

4    IT IS SO ORDERED.

5       Dated:   **October 15, 2014**                    /s/ *Dennis L. Beck*

6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28