1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MARCOS VACA,                                    Case No. 1:14-cv-01327 DLB

11              Plaintiff,                          ORDER DISMISSING COMPLAINT
                                                    WITH LEAVE TO AMEND
12        v.
                                                    THIRTY-DAY DEADLINE
13  KIRBY, et al.,

14              Defendants.
    _____/
15

16          Plaintiff Marcos Vaca ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action.  The action was transferred to this Court on August 25, 2014.

18  Plaintiff names "McFarland MCCF Central Valley," Warden Bowen, Assistant Warden Nadal,

19  and Lieutenants Kirby, Garcia and Cordova as Defendants.[1]

20  **I.       SCREENING STANDARD**

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

28
    _____
    [1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 4, 2014.

1  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.

2  § 1915(e)(2)(B)(ii).

3      A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

7  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8  matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550

9  U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

10      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

11  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

12  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

13  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions

14  or omissions of each named defendant to a violation of his rights; there is no respondeat superior

15  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609

16  F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

17  2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

18  plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

19  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

20  standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

21  **II.   ALLEGATIONS IN COMPLAINT**

22      Plaintiff is currently incarcerated at Corcoran State Prison.  The events at issue occurred

23  while he was incarcerated at Central Valley Modified Community Correctional Facility ("MCCF")

24  in McFarland, California.

25      Plaintiff's complaint is brief.  He alleges that his access to the courts has been hindered on

26  numerous occassions.  Most recently, on April 24, 2014, he attempted to mail legal mail between

27  8 a.m. and 9 a.m.  Plaintiff is "assigned" during this time, however.  ECF No. 1, at 3.  He states

28  that Defendants Garcia and Cordova told him that he must do legal work on his own time.

Plaintiff argues that the prison cannot make him choose between class time or processing legal work.

Nonetheless, Plaintiff continued to mail his legal mail.  As a result, he was penalized and disciplined.  Plaintiff received a loss of privileges and a loss of thirty days' good time credits.

Plaintiff states that staff members know that he has a pending case against Riverside County.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment.

For relief, Plaintiff requests that the Court restore his lost time, dismiss the 115 and award money damages.

## III.    DISCUSSION

1.    Defendants Bowen, Nadal and Kirby

Plaintiff does not allege any facts involving Defendants Bowen, Kirby or Nadal.  While he attaches exhibits, the Court will not attempt to guess as to Plaintiff's intentions.

As explained above, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

For these reasons, Plaintiff fails to state a claim against Defendants Bowen, Nadal and Kirby.

2.    MCCF

Plaintiff names MCCF as a Defendant.  Plaintiff is advised that he may not sustain an action against a state prison.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits

1   against state agencies as well as those where the state itself is named as a defendant.  See Natural

2   Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996);

3   Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that

4   Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity);

5   Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because

6   MCCF is a part of the California Department of Corrections and Rehabilitations, which is a state

7   agency, it is entitled to Eleventh Amendment immunity from suit.

8           This deficiency cannot cured.

9           3.      Eighth Amendment

10          The Eighth Amendment's prohibition against cruel and unusual punishment protects

11  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

12  confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

13  Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347,

14  101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

15  often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of

16  pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

17  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving

18  standards of decency that mark the progress of a maturing society violate the Eighth Amendment.

19  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730,

20  737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

21          Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

22  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

23  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

24  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

25  omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

26  were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511

27  U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554

28  F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v.

1 | Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

2 |       Plaintiff has not made any allegations that would rise to the level of an Eighth Amendment

3 | violation.  To the extent that he believes that an alleged inability to mail his legal mail violates the

4 | Eighth Amendment, he is mistaken.  Only conditions devoid of legitimate penological purpose or

5 | contrary to evolving standards of decency violate the Eighth Amendment.  Moreover, there is no

6 | indication that Plaintiff's safety was implicated in any way.

7 |       If Plaintiff suggests that his punishment on the 115 violates the Eighth Amendment, he is

8 | also mistaken.  While Plaintiff may not have agreed with the discipline, which included a thirty

9 | day loss of yard time, phone time and packages, there is nothing about the discipline that rises to

10 | the level of an Eighth Amendment violation.

11 |       For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

12 |       4.    First Amendment

13 |       Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

14 | 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir.

15 | 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for

16 | relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to

17 | contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th

18 | Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132

19 | S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518

20 | U.S. at 351; Phillips, 588 F.3d at 655.

21 |       Plaintiff alleges that his access to the courts was hindered numerous times.  However,

22 | while he states that he has an action against Riverside County, he does not allege that he suffered

23 | any actual injury during his prosecution of the action.  Plaintiff therefore fails to state a claim

24 | under the First Amendment.

25 |       5.    Heck Bar

26 |       In Preiser v. Rodriguez, the Supreme Court held that a habeas action, rather than a suit

27 | under section 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of

28 | his confinement."  411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Actions under

section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement.  Id. at 482.  The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider section 1983 claims that impugn the lawfulness of confinement.  See Heck, 512 U.S. 477, 485, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  When a state prisoner's challenge "necessarily impl[ies] ... the invalidity of" a prison disciplinary hearing, the action must be pursued through a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir.1997) (holding that § 1983 action against parole board defendants who considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole").

Here, Plaintiff seeks to restore his lost good time credits.  However, as this would necessarily implicate the length of his sentence, he cannot bring such a claim in a section 1983 action.

Therefore, to the extent Plaintiff seeks to dismiss his 115 and/or restore his good time credits, he fails to state a claim under section 1983.  This deficiency cannot be cured by amendment

      6.    <u>Title 15</u>

At the end of his pleading, Plaintiff lists various sections of Title 15 which he believes have bene violated.  However, the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and there exist ample district court decisions holding to the contrary.  E.g., Vasquez v. Tate, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Therefore, Plaintiff cannot state a claim for violation of Title 15.  This cannot be cured by amendment.

### IV.      CONCLUSION AND ORDER

Plaintiff's complaint fails to state any claims upon which relief may be granted against any Defendants.  The Court will provide Plaintiff with an opportunity to amend, if he can do so in good faith.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new and/or unrelated claims in his amended complaint.  George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSSED, with leave to amend, for failure to state a claim against any Defendants;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

1        4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2    action will be dismissed, with prejudice, for failure to state a claim.

3

4    IT IS SO ORDERED.

5        Dated:   __February 11, 2015__              _____ /s/ *Dennis L. Beck*

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28