1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10    MARCOS VACA,                              Case No. 1:14-cv-01327 DLB

11              Plaintiff,                      ORDER DISMISSING ACTION FOR
                                               FAILURE TO FOLLOW COURT ORDER
12         v.                                   AND FAILURE TO PROSECUTE

13    KIRBY, et al.,

14              Defendants.
      _____/

15

16         Plaintiff Marcos Vaca ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action.  The action was transferred to this Court on August 25, 2014.[1]

18         On February 15, 2015, the Court dismissed the complaint with leave to amend.  Plaintiff

19   failed to file an amended complaint within the time permitted and the Court issued an order to

20   show cause on March 30, 2015.  Plaintiff failed to respond to the order to show cause or otherwise

21   contact the Court.

22                              **DISCUSSION**

23         Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

24   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

25   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

26   control their dockets and "[i]n the exercise of that power they may impose sanctions including,

27   where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

28
    _____
    [1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 4, 2014.

1   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

2   action, failure to obey a court order, or failure to comply with local rules.  See e.g. Ghazali v.

3   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

4   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

5   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

6   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep courtapprised of

7   address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

8   failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

9   (dismissal for lack of prosecution and failure to comply with local rules).

10          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

11   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

12   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

13   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

14   merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15   Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16   46 F.3d at 53.

17          In the instant case, the Court finds that the public's interest in expeditiously resolving this

18   litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This case

19   has been pending since August 19, 2014, but there is no operative complaint.

20          The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

21   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

22   Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy

23   favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

24   dismissal discussed herein.

25          Finally, a court's warning to a party that her failure to obey the court's order will result in

26   dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

27   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's March 30, 2015, order to show

28   cause expressly stated:  "The failure to respond to this order will result in dismissal of this action."

Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

### **ORDER**

For these reasons, IT IS HEREBY ORDERED that this action IS DISMISSED.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 18, 2015**                                         /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE